# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ABIGAIL ELLEN SLOTKIN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 2:20-cv-10742 SVW (MAAx)<br><br>(Los Angeles Superior Court, Case No. 20SMCV01577)<br><br>**JUDGMENT ON STATE FARM GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>Trial: None |

After full consideration of Defendant State Farm General Insurance Company's ("State Farm") Motion for Summary Judgment ("Motion") the Court granted State Farm's Motion on July 7, 2021. The Order of the Court granting State Farm's Motion issued on July 7, 2021, is attached hereto as Exhibit A.

**IT IS HEREBY ORDERED THAT**:

1) Judgment is entered on behalf of State Farm and against plaintiff Abigail Ellen Slotkin;

2) Plaintiff Abigail Ellen Slotkin shall take nothing from State Farm by way of her Complaint; and,

3) This action shall be dismissed with prejudice as to defendant State Farm.

Dated: July 23, 2021

_____
HON. STEPHEN V. WILSON
U.S. DISTRICT JIUDGE

WALSWORTH
19900 MACARTHUR BOULEVARD, SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

5654858.1
4893-3.5579

-2-
[PROPOSED] JUDGMENT ON STATE FARM GENERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10742-SVW-MAA | Date | 7/7/2021 |
|---|---|---|---|
| Title | *Abigail Ellen Slotkin v. State Farm General Insurance Company* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]

## I. Introduction

Before the Court is a motion for summary judgment filed by Defendant State Farm General Insurance Company in this insurance recovery case. Plaintiff did not file an opposition. Dkt. 20. For the reasons stated below, the motion is GRANTED.

## II. Factual and Procedural Background

### a. The Policy

Plaintiff Abigail Ellen Slotkin obtained coverage under Defendant's Condominium Unit Owners' Policy ("policy") for the period of December 8, 2018 through December 8, 2019. Dkt. 19-10, Ex. A at 2. The policy covers "personal property owned or used by an insured while it is anywhere in the world." *Id.* at 3. That encompasses "accidental direct physical loss to property ... caused by" enumerated perils. *Id.* at 7-8. One such peril is "[t]heft, including attempted theft and loss of property from a *known location* when it is *probable* that the property has been stolen." *Id.* (emphasis added).

### b. Plaintiff's Personal Property

On January 9, 2020, Plaintiff reported the loss of 65 items to Defendant, including high-end furs, jewelry, clothing, shoes, bags, and home decorations. Defendant's Statement of Uncontroverted Facts

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10742-SVW-MAA | Date | 7/7/2021 |
|---|---|---|---|
| Title | *Abigail Ellen Slotkin v. State Farm General Insurance Company* | | |

("DF"), Dkt. 19-1 ¶ 4. Plaintiff stated that she had lent those items to her daughter, Nicollette Slotkin, to keep at her apartment with the understanding that the items would be returned. Dkt. 19-3, Ex. 2 at 5.

Nicollette Slotkin died on June 27, 2019. DF ¶ 2. Plaintiff contends that the 65 allegedly lost items had been stolen from Nicollette's apartment in the days following her death. *Id.* ¶ 3.

Prior to her death, Nicollette's sister, Savannah Slotkin, stated that Nicollette had a falling out with her mother. Declaration of Savannah Slotkin, Dkt. 19-7 ¶ 3. Nicollette communicated to Savannah – both verbally and through text messages to their father – that Nicollette wanted Savannah to have Nicollette's personal property after she died. Dkt. 19-7 ¶¶ 3-4. On May 12, 2019, just six weeks before her death, Nicollette wrote to her father, "I have bequeathed upon you my final requests ... I want Savannah to have my personal belongings." *Id.*, Ex. 2 at 8. The next day, Nicollette wrote to her father, "I want Savannah to have my stuff *not mom*." *Id.* at 11 (emphasis added).[1]

Based on Nicollette's statements before her death, Savannah believed that she owned and was therefore responsible for disposing of Nicollette's personal property. Savannah Slotkin Decl. ¶¶ 7, 9-11. Savannah kept some items from Nicollette's apartment and disposed of others through consignment or donation. *Id.* ¶ 10.

On June 30, 2019, Savannah and two others visited Nicollette's apartment to remove her personal belongings and to supervise furniture movers. *Id.* ¶¶ 5-6. Savannah continued to work on clearing out Plaintiff's apartment through early July 2019. *Id.* ¶ 8. She was once accompanied by Plaintiff, who took a few items back with her. *Id.* ¶ 8. Savannah saw no sign of forced entry and was not aware of anyone else having access to the apartment. *Id.* ¶ 6.

Building management at Nicollette's apartment stated that there were no reports of break-ins at her building, that apartment keys were stamped with "Do Not Copy," and management was not aware of anyone other than Nicollette having a key to the apartment. Declaration of Sam Nichols, Dkt. 19-6 ¶ 13.

Plaintiff claims that, when she visited Nicollette's apartment in early July, she discovered that some items she had lent to Nicollette were missing, which prompted her to submit her claim to Defendant. Dkt. 19-9, Ex. B at 47-50, 54-55.

---

[1] Because Defendant's motion is unopposed, the Court notes that it considered whether these text messages would be admissible. Because they are offered for their effect on Savannah's state of mind rather than for the truth of the matter asserted, they are not hearsay and are therefore admissible.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10742-SVW-MAA | Date | 7/7/2021 |
| Title | *Abigail Ellen Slotkin v. State Farm General Insurance Company* | | |

After investigating Plaintiff's claim, Defendant concluded that there was no evidence that a theft occurred and consequently denied coverage. Declaration of Sam Nichols, Dkt. 19-6 ¶ 22.

### III. Discussion

#### a. Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Summary judgment may not be granted by default. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (citing Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). However, "[if] a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3). When summary judgment is unopposed, "district courts must assess the movant's motion and supporting materials and may consider the movant's assertions of fact undisputed in doing so." *Lerma v. California Exposition and State Fair Police*, 2014 WL 28810, at *2 (E.D. Cal. 2014) (citing Fed. R. Civ. P. 56(e)).

#### b. Application

Defendant's motion argues that there is no triable issue that Plaintiff is entitled to coverage under her policy because no reasonable jury could find that a theft probably occurred. The Court agrees.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10742-SVW-MAA | Date | 7/7/2021 |
|---|---|---|---|
| Title | *Abigail Ellen Slotkin v. State Farm General Insurance Company* | | |

"Under a 'named perils' insurance policy, the insured has the threshold burden of proving that a loss was caused by a specifically-enumerated peril." California Practice Guide: Insurance Litigation § 6:253.2 (The Rutter Group 2020); *see James & Jan, LLC v. Lexington Ins. Co.*, 2018 WL 1409738, at *7 (C.D. Cal. 2018) ("Because the Policy's personal property coverage is a 'named perils' policy, Plaintiff bears the initial burden of showing that the loss to its personal property falls within the scope of insurance coverage." (citation omitted)); *Morris v. Allstate Ins. Co.*, 16 F. Supp. 3d 1095, 1102 (C.D. Cal. 2014) ("Under a 'named perils' policy like Plaintiffs' personal property policy, the insured has the burden of proving that the loss was caused by a specifically enumerated peril." (citations omitted)).

Here, Plaintiff is insured by Defendant's named perils policy, and the only peril raised in the record is theft. Dkt. 19-10, Ex. A at 13. Therefore, Plaintiff bears the burden of proving that her loss was probably caused by theft.

"Theft is defined statutorily in California as a criminal act, with an accompanying mens rea." *Pac. Marine Ctr., Inc. v. Phila. Indem. Ins. Co.*, 248 F.Supp.3d 984, 994 (E.D. Cal. 2017) (citing Cal. Penal Code § 484). The mens rea for theft is the "intent to permanently deprive a person of property." *Id*. at 995 (quoting *People v. Zangari*, 89 Cal. App. 4th 1436, 1441-42 (2001)). A person's good-faith belief in her right to take property negates the criminal intent necessary to recover for theft under a homeowner's insurance policy. *Id*.; *see also* 39A Cal. Jur. 3d Insurance Contracts § 347.

Here, it is undisputed that Nicollette Slotkin stated verbally and in writing that Savannah Slotkin should assume ownership of Nicollette's belongings after her death. Savannah Slotkin Decl., Ex. 2 at 8. Savannah specifically stated in her declaration that she believed Nicollette's items belonged to her after Nicollette's death. *Id*. ¶ 9. No evidence in the record rebuts the conclusion that Savannah lacked the mens rea to commit a theft. Therefore, Plaintiff cannot recover under the policy based on Savannah's disposition of Nicollette's property.

There is no evidence in the record that any individual other than Savannah took items from Nicollette's apartment. There was no evidence from building management of a break-in or any indication that someone other than Nicollette had access to the unit. Dkt. 19-6 ¶ 13. The only individuals who entered Nicollette's unit other than Savannah, so far as the record reveals, were the two friends who initially accompanied Savannah, the furniture movers, and Plaintiff herself. Nothing in the record suggests that any of these individuals committed a theft.

"[M]ere disappearance of an article covered by the policy is not sufficient of itself to warrant a finding that its loss was due to theft . . ." *Burglary, Larceny, Theft, or Robbery Within Policy of*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10742-SVW-MAA | Date | 7/7/2021 |
|---|---|---|---|
| Title | *Abigail Ellen Slotkin v. State Farm General Insurance Company* | | |

*Insurance*, 41 A.L.R. 846. Because Plaintiff has no evidence from which a reasonable jury could find that "it is probable that the property has been stolen," Dkt. 19-10, Ex. A at 7-8, as required by the policy, there is no genuine dispute that Plaintiff is not entitled to coverage under the policy.

Accordingly, summary judgment is proper on Plaintiff's breach of contract and bad faith claims.

### IV. Conclusion

For the foregoing reasons, the motion for summary judgment is GRANTED.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On July 21, 2021, I served true copies of the following document(s) described as **NOTICE OF MANUAL FILING OR LODGING** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2021, at Irvine, California.

_____
Shawn Hanley

WALSWORTH
19900 MACARTHUR BOULEVARD, SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

5646897.1
4893-3.5556